Enterprise Architectural Sales, Inc. v Magnetic Bldrs. Group LLC (2021 NY Slip Op 02064)





Enterprise Architectural Sales, Inc. v Magnetic Bldrs. Group LLC


2021 NY Slip Op 02064


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Index No. 657045/2017 Appeal No. 13501N Case No. 2020-00794 

[*1]Enterprise Architectural Sales, Inc., etc., Plaintiff,
v
Magnetic Builders Group LLC, et al., Defendants, 485 Seventh Avenue Associates LLC, et al., Defendants-Respondents, Louis Guzman et al., Defendants-Appellants.
Magnetic Builders Group LLC, Third-Party Plaintiff,
v
485 Retail Parcels LLC et al., Third-Party Defendants-Respondents.


Richman Law Firm PLLC, New York (Joshua Guzman of counsel), for appellants.
Greenberg, Trager & Herbst, LLP, New York (Kalvin Kamien of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered December 24, 2019, which, insofar as appealed from as limited by the briefs, granted the motion to renew by defendants 485 Seventh Avenue Associates LLC, Westchester Fire Insurance Company, and The Lightstone Group, LLC, and third-party defendants 485 Retail Parcels LLC and 485 Garage Parcels LLC (collectively, the 485 defendants) and, upon renewal, granted their motion for a protective order, unanimously affirmed, with costs.
Supreme Court properly granted the 485 defendants' motion for a protective order directing the parties in receipt to return the documents that were inadvertently disclosed to their attorneys on the ground that it was protected by the attorney-client privilege. The record establishes that the 485 defendants' attorney took reasonable precautions to prevent the disclosure (see Manufacturers & Traders Trust Co. v Servotronics, Inc., 132 AD2d 392, 398-400 [4th Dept 1987]; accord John Blair Communications v Reliance Capital Group, 182 AD2d 578, 579 [1st Dept 1992]). The record further establishes that the 485 defendants' attorney promptly asserted the privilege (see Campbell v Aerospace Prods. Intl., 37 AD3d 1156, 1157 [4th Dept 2007]). Finally, we find that the relevance of a privileged document to the merits of the litigation does not automatically make it fair game in the event it was inadvertently disclosed. The proper inquiry is whether the act of restoring immunity to an inadvertently disclosed document would be unfair to the party in receipt of the material under the facts of each case. Under the facts of this case, there would be no prejudice by the grant of the protective order.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021